TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
ELAN S. LEVEY (State Bar No. 174843)
Assistant United States Attorney
      Room 7516, Federal Building
      300 North Los Angeles Street
      Los Angeles, California 90012
      Telephone: (213) 894-3997
      Facsimile: (213) 894-7819
      Email:  elan.levey@usdoj.gov

Attorneys for Defendant, United States Department of Education

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>AUDREY HARP MONTALBAN,<br><br>      Debtor. | Case No. 2:21-bk-10378-BR<br><br>Chapter 7 |
| AUDREY HARP MONTALBAN,<br><br>      Plaintiff,<br>vs.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, *et al.*,<br><br>      Defendants. | Adv. No. 2:21-ap-01059-BR<br><br>**STIPULATION FOR ENTRY OF JUDGMENT**<br><br>**[Filed Concurrently with Judgment]**<br><br><u>Pre-Trial Conference:</u><br>Date:  March 29, 2022<br>Time:  10:00 a.m.<br>Place:  Courtroom 1668<br>        255 E. Temple St.<br>        Los Angeles, CA 90012 |

///

///

///

– 1 –

1  IT IS HEREBY STIPULATED by and between Plaintiff Audrey Harp Montalban
2  ("Plaintiff"), and Defendant United States Department of Education ("Defendant") (collectively,
3  the "Parties"), through their respective counsel of record:

4  **RECITALS**

5  A.  On or about April 7, 2021, Plaintiff filed a first amended complaint to determine
6  dischargeability of student loans pursuant to 11 U.S.C. § 523(a)(8) (Docket No. 4) ("Complaint"),
7  commencing the subject adversary proceeding ("Adversary Proceeding").

8  B.  Defendant timely filed an Answer to the Complaint.

9  C.  Pre-petition, on or about May 2, 2006, Plaintiff executed a Federal Stafford Loan
10 Master Promissory Note ("Note") to obtain a Federal Stafford Loan through the Federal Family
11 Education Loan Program ("Student Loan") from Defendant. Between August 19, 2008 and
12 September 2, 2008, Defendant disbursed proceeds of the Student Loan obtained pursuant to the
13 Note on Plaintiff's behalf in the principal amount of $35.52, at an interest rate of 6.80% per
14 annum. Additionally, between May 15, 2008 and January 2, 2009, Defendant disbursed proceeds
15 of the Student Loan obtained pursuant to the Note on Plaintiff's behalf in the principal amounts of
16 $8,500.00 and $12,000.00, at an interest rate of 6.80% per annum.

17 D.  The Student Loan constitutes a student loan made to Plaintiff under a program
18 funded in whole or in part by a governmental unit within the meaning of 11 U.S.C. § 523(a)(8).
19 The program, referred to as the Federal Family Educational Loan Program (("FFELP") and
20 formerly known as the Guaranteed Student Loan Program, is authorized under Title IV-B of the
21 Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq.* (34 C.F.R. Part 682).

22 E.  Defendant currently holds all right, title and interest in the Note and the Student
23 Loan.

24 ///
25 ///
26 ///
27 ///
28 ///

F.  The unpaid balance of the Student Loan, including principal and interest is $35,202.39 as of February 25, 2022. Beginning on or about March 13, 2020 and through at least May 1, 2022, as a result of the CARES Act and subsequent extensions of emergency relief, Federal Student Aid, an Office of the U.S. Department of Education, has provided temporary relief measures on Department of Education-owned federal student loans, including suspension of loan payments, stopped collections on defaulted loans, and a 0% interest rate.

G.  Plaintiff is a 53-year-old individual who is single and is currently employed part-time.

H.  Plaintiff alleges that repayment of the Student Loan would cause an undue hardship pursuant to 11 U.S.C. § 523(a)(8).

I.  In order to resolve this matter without the need for further litigation, the Parties agree that Plaintiff should receive a partial discharge of the Student Loan and a reduction of the applicable payment term. The Parties further agree that resolution of the Adversary Proceeding with the entry of a judgment reflecting these terms is appropriate under the circumstances set forth below.

**STIPULATION**

1.  The Recitals set forth above are hereby incorporated into the Stipulation by this reference.

2.  The Student Loan shall be discharged in the amount of $28,161.60 ($22,367.96 of principal and $5,793.64 of interest), resulting in a partial discharge of Plaintiff's Student Loan obligation of $35,202.39. Plaintiff shall satisfy the remaining Student Loan principal balance of $7,040.79 ("Reduced Loan Amount") through enrollment in and satisfaction of the terms and conditions of the Alternative Repayment Plan. The Reduced Loan Amount shall be deemed nondischargeable unless and until Plaintiff fully performs all of the obligations required under the Stipulation.

3.  Pursuant to applicable U.S. Department of Education regulations governing the Alternative Repayment Plan (34 C.F.R. § 685.208(l)), Plaintiff shall commence monthly payments on May 1, 2022 which shall be calculated under the applicable regulations governing the Income-

Based Repayment Plan. The Alternative Repayment Plan payments shall be recalculated annually by Plaintiff's Student Loan servicer based upon her most recent year's adjusted gross income or alternatively documented income. Plaintiff shall provide financial information to her Student Loan servicer upon the annual anniversary of the commencement of payments for each year that payments are due pursuant to this Stipulation.

4.  The repayment period of the Reduced Loan Amount shall be a maximum of ninety-six (96) qualified monthly payments ("Payment Term"). Upon Plaintiff's compliance with and full satisfaction of the terms of this Stipulation, any remaining balance of Plaintiff's Student Loan shall be deemed discharged in bankruptcy, pursuant to the Order of Discharge (Docket No. 14) entered May 3, 2021, and pursuant to 11 U.S.C. § 727.

5.  The failure of Defendant or its contracted Student Loan servicer to provide monthly reminder notices or receipts for payment shall not relieve Plaintiff of her obligation and agreement to make consecutive, timely, monthly payments, as applicable, under this Stipulation.

6.  Plaintiff's failure to comply with the terms of this Stipulation shall result in the resumption of the original terms of the Note as if the Complaint had not been filed and the Parties had not entered into this Stipulation. Breach of the terms and conditions of the Stipulation shall include, but is not limited to, Plaintiff's failure to make any payment due hereunder within thirty (30) days of the due date without securing Defendant's written agreement to forbearance of such payment(s). If Plaintiff fails to meet her obligation to make payments discussed above, any forgiveness/discharge of the principal and interest is revoked, and all of the original terms of the Note shall again be in effect, and Plaintiff shall be liable for the full amount of the outstanding balance, plus interest, pursuant to the applicable terms of the Note.

7.  Payments to be made pursuant to this Stipulation shall be sent to Defendant via its contracted loan servicer assigned to handle the Student Loan. Any and all payments may be made by mail, telephone, online, or any other payment option offered by Defendant's contracted servicer of the Student Loan. Currently, Plaintiff's Student Loan is serviced by Aidvantage Servicing, with the following payment address: U.S. Department of Education, Aidvantage Servicing, P.O. Box 4450, Portland, Oregon 97208-4450. Each payment shall reference Plaintiff's account number or

Social Security Number. If, in the future, the contracted loan servicer or payment address changes, Plaintiff shall be notified by mail and must adjust the payment method accordingly.

8. Nothing in this Stipulation is intended to nor does it preclude Plaintiff from applying for total and permanent disability discharge, economic hardship, forbearance, deferment, or any other repayment program currently offered, or which may be offered in the future, by the Defendant to student loan borrowers, for which Plaintiff may qualify. Plaintiff may contact Defendant for consideration of that relief with respect to any remaining balance of the Student Loan.

9. There is no penalty for prepayment under the Stipulation, but any prepayment, unless it is a payment in full, does not relieve the Plaintiff of the obligation to make ongoing monthly payments. Student Loan consolidation, however, is not considered prepayment. Therefore, if Plaintiff consolidates the Note, the amount certified will be the amount due under the original terms of the Note, including any charges or fees allowed by federal regulations, and this Stipulation shall become null and void.

10. In the event that Plaintiff fails to make any timely monthly payments when due or breaches the Stipulation, Plaintiff shall be in default of this Stipulation. As a result, interest at the statutory rate as provided by 28 U.S.C. § 1961 shall be due and owing and subject to collection from the date of the Order on the Stipulation. Defendant and/or the United States may and shall be entitled to enforce and collect the full amount of the Student Loan in the amount of $35,202.39, pursuant to the Federal Debt Collection Procedures Act and any other federal or state law, and Defendant and/or the United States may use any and all means of collection, including but not limited to wage garnishment, offsets of federal tax refunds and any other federal payments and benefits due to Plaintiff, and execution of the accompanying Judgment against any real or personal property owned by Plaintiff, to which Plaintiff hereby consents.

11. The terms of this Stipulation shall survive and be effective in any future bankruptcy filing under any chapter of the United States Bankruptcy Code by Plaintiff.

12. If any one or more terms or provisions of this Stipulation is/are held to be unenforceable, the remaining terms and provisions shall remain in full force and effect and shall be construed as if the unenforceable provisions had never been contained in this Stipulation.

13. Any and all individual taxation consequences as a result of this Stipulation are the sole and exclusive responsibility of Plaintiff. Defendant does not warrant any representation of any tax consequences of this Stipulation. Nothing contained herein shall a constitute a waiver by Plaintiff of any right to challenge any tax consequences of this Stipulation and/or any cancellation of debt resulting from forgiveness of any balance due on the Student Loan.

14. Any amendment, modification, or waiver of any term or condition of this Stipulation must be made in writing and signed by all Parties hereto. Any attempted oral or implied amendment, modification or waiver shall be null and void.

15. Defendant, on the one hand, and Plaintiff on the other hand, for themselves and for their respective officers, shareholders, directors, general partners, limited partners, agents, employees, predecessors, heirs, successors, attorneys, assigns, insurers, parent corporations, subsidiary corporations and affiliated companies, do hereby mutually release and forever discharge each other, and all of their respective officers, shareholders, directors, general partners, limited partners, agents, employees, predecessors, successors, attorneys, assigns, insurers, parent corporations, subsidiary corporations and affiliated companies of and from any and all claims, acts or omissions relating to the Note and the Student Loan, solely by and between Plaintiff and Defendant, and not for the United States or any other federal agency(ies), to the date that Judgment is entered on this Stipulation.

16. Plaintiff and Defendant, and each of them, acknowledge that they have been informed of the provisions of Section 1542 of the Civil Code of the State of California, and do hereby expressly waive and relinquish all rights and benefits which they have or may have under that section or any similar provision of law in another jurisdiction that may be applicable. California Civil Code Section 1542 reads as follows:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."

17. Plaintiff and Defendant, and each of them, understand and acknowledge the significance and consequence of such waiver of Section 1542 of the California Civil Code and

intend that this Release be interpreted pursuant to California law which shall apply to the waiver set forth in this section. In the event that such choice of law provision should not be given effect for any reason, Plaintiff and Defendant further specifically waive any right or benefit available in any capacity under any similar provision of law in any other state. Plaintiff and Defendant do release those claims described herein, known or unknown, which they may have now against the other, and further elect and do assume all responsibility for those claims described herein, known or unknown, that they may have now against the other.

18.  Except as provided in this Stipulation, all other terms of the Note remain in effect and are hereby incorporated by reference. To the extent that the terms of the Note conflict with the terms of this Stipulation, the terms in this Stipulation control.

19.  The Parties to this Stipulation acknowledge that they have been represented by independent counsel of their own choice or have had independent counsel available to them throughout all of the negotiations that have preceded the execution of this Stipulation. Plaintiff represents and acknowledges that she enters into this Stipulation freely and voluntarily. Plaintiff further acknowledges that she had sufficient opportunity to consult with an attorney regarding the terms and conditions of this Stipulation.

20.  This Stipulation and any attachments that are incorporated herein constitute the entire agreement of the Parties.

21.  Each person signing this Stipulation warrants that he/she is fully authorized to sign this Stipulation on his/her behalf and on behalf of his/her respective predecessors, transferors and/or assignors and that the Stipulation is therefore, binding upon and enforceable against the same.

22.  This Stipulation is binding upon and shall inure to the benefit of the Parties hereto, their respective heirs, executors, administrators, predecessors, successors and assigns.

23.  Each party hereto agrees to bear his/her own costs, expenses and attorney's fees in connection with the aforementioned lawsuit and claims.

24.  All notices sent to Plaintiff pursuant to this Stipulation shall be sent by U.S. Mail, postage paid:

Audrey Harp Montalban
1006 S. Orange Drive, Apt. 102
Los Angeles, CA 90019

25. Plaintiff shall use the following contact information for all contact with Defendant related to this Stipulation:

U.S. Department of Education
Attention: Cristin Bulman
Litigation Unit
Federal Student Aid
50 United Nations Plaza
Mail Box 1200, Room 1240
San Francisco, CA 94102

26. The Parties to this Stipulation certify that they have read and fully understand its terms.

Dated: March 9, 2022                By: *See Next Page*
                                    AUDREY HARP MONTALBAN


Dated: March 9, 2022                TRACY L. WILKISON
                                    United States Attorney
                                    DAVID M. HARRIS
                                    Assistant United States Attorney
                                    Chief, Civil Division
                                    JOANNE S. OSINOFF
                                    Assistant United States Attorney
                                    Chief, General Civil Section

                                    By: */s/ Elan S. Levey*
                                    ELAN S. LEVEY
                                    Assistant United States Attorney

                                    Attorneys for Defendant,
                                    U. S. Department of Education

APPROVED AS TO FORM AND CONTENT:

Dated: March 9, 2022                RHM LAW LLP

                                    By: *See Next Page*
                                    PARDIS AKHAVAN
                                    Attorneys for Plaintiff, Audrey Harp Montalban

```
                Audrey Harp Montalban
                1006 S. Orange Drive, Apt. 102
                Los Angeles, CA 90019
```

25.     Plaintiff shall use the following contact information for all contact with Defendant related to this Stipulation:

```
                U.S. Department of Education
                Attention: Cristin Bulman
                Litigation Unit
                Federal Student Aid
                50 United Nations Plaza
                Mail Box 1200, Room 1240
                San Francisco, CA 94102
```

26.     The Parties to this Stipulation certify that they have read and fully understand its terms.

Dated: March 9, 2022                    By: _____
                                        AUDREY HARP MONTALBAN

Dated: March 9, 2022                    TRACY L. WILKISON
                                        United States Attorney
                                        DAVID M. HARRIS
                                        Assistant United States Attorney
                                        Chief, Civil Division
                                        JOANNE S. OSINOFF
                                        Assistant United States Attorney
                                        Chief, General Civil Section

                                        By: /s/ Elan S. Levey
                                        ELAN S. LEVEY
                                        Assistant United States Attorney

                                        Attorneys for Defendant,
                                        U. S. Department of Education

APPROVED AS TO FORM AND CONTENT:

Dated: March 9, 2022                    RHM LAW LLP

                                        By: _____
                                        PARDIS AKHAVAN
                                        Attorneys for Plaintiff, Audrey Harp Montalban

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
United States Attorney's Office, 300 N. Los Angeles Street, Room 7516, Los Angeles, California 90012

A true and correct copy of the foregoing document entitled **STIPULATION FOR ENTRY OF JUDGMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 15, 2022,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Elan S Levey**    elan.levey@usdoj.gov, julie.morales@usdoj.gov
- **Scott A Schiff**    sas@soukup-schiff.com
- **United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov
- **Timothy Yoo (TR)**    tjytrustee@lnbyg.com, tjy@trustesolutions.net
- **M. Jonathan Hayes**    jhayes@rhmfirm.com,roksana@rhmfirm.com;matt@rhmfirm.com; rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **March 15, 2022,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 15, 2022,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 15, 2022 | JULIE MORALES | _(signature)_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                            F 9013-3.1.PROOF.SERVICE